On Application por Rehearing.
Poché, J.
As usual, in applications for rehearing on questions of fact, we are charged with very glaring errors in the conclusions reached, and with an utter failure to understand and properly appreciate the evidence in the record. The complaint in this case is made with so much reliance and apparent, confidence, that we have felt it our duty to re-examine the evidence in full, with a view to ascertain whether we had or had not wandered from the correct path.
This examination has had the effect of confirming our previous conclusions.
Defendant triumphantly charges that we signally erred in asserting that “ Willow Pond” has no natural drain or outlet, and he proceeds to prove our error by showing:
1. An escape of waters by running over its banks when too full.'
2. By escaping through two ditches made by the hand of man.
As both these means are natural drains unknown to ns, we cannot appreciate the force of the argument. We note defendant’s strenuous effort to show that the drainage indicated by us would not be as convenient to him as the enjoining ditches.
This may be true, but we understand the law to compel the use of the less convenient mode, when it appears that the other mode would cause injury and loss to the neighboring estate.
The levels on the lino of drainage pointed out in our opinion, from “Willow Pond” to “Pin Oak Pond,” are as follows: 95.24, 95.27, 94.77, 94.52, 94.19, 92.88. They speak for themselves. They are taken *942 from the map relied on by defendant, and are very suggestive of the mode of draining the new road under the proposed change.
We note defendant’s statement as to the failure of previous attempts to establish that drainage. The irresistible conclusion, in the face of the above levels, is that the experiment must have been tried by very unskilled hands, by means of insufficient or deficient ditches.
We have given due consideration to the testimony of O’Neil and other witnesses, who are held up as the most reliable witnesses in the case. In fact, we had been particularly edified by the statement of O’Neil and other witnesses, to the effect that: “There is a decided decline from the north of the land on the Dowell tract to that ‘ Willow Pond,’ where thvfall (9) is shown on the map by the following levels, from the lane in the line to the pond: 96.21, 96.91, 97.65, 96.68.”
Understanding that a court of final resort is not always expected to detail the reasons which lead to the conclusions reached, and having seen that O’Neil had since departed this life, we had omitted this unjileasant criticism of his testimony, but the stricture has been forced from us by the undiminished zeal of defendant in upholding error.
We reiterate our reasons for refusing damages to either party in the case, and fail to discover in such a course the glaring inconsistency complained of. Defendant’s standard of consistency may be very correct and commendable, but until better advised, we prefer to be guided by the consistency in the case quoted from 15 An. 681.
Since writing the above, we have received an application for rehearing filed by plaintiff, who loudly complains of our refusal to allow him any damages for the acts of the defendant, herein declared to be unlawful. This application confirms the justice and the wisdom of the refusal of damages to either party.
We see no reason to justify us in reopening this case.
Rehearing refused.